**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YORANNY DE LA CRUZ GUERRERO, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRUMA CORPORATION,<br><br>Defendant. | : | Case No. _____________ |

**<u>DEFENDANT GRUMA CORPORATION'S NOTICE OF REMOVAL</u>**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:**

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441(a), 1446, and 1453, Defendant Gruma Corporation ("Gruma") removes this putative class action from the Court of Common Pleas of Luzerne County, Pennsylvania, Case #202604930, to the United States District Court for the Middle District of Pennsylvania. Diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because this case is pled as a class action as defined under CAFA, the CAFA diversity of citizenship requirements are fully met, and the amount in controversy in this matter exceeds the sum, or value, of $5,000,000, excluding interest and costs. In the alternative, this Court has original jurisdiction over

Plaintiff's individual claim because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

In support of this Notice of Removal, Gruma states as follows:

## PROCEDURAL BACKGROUND

1. On April 24, 2026, Plaintiff Yoranny De La Cruz Guerrero ("Plaintiff") filed a "Complaint – Class Action" in the Court of Common Pleas of Luzerne County, Pennsylvania, captioned *Yoranny De La Cruz Guerrero on behalf of herself and others similarly situated* v. *Gruma Corporation*, Case #202604930 ("Complaint"). *See* Complaint, **Exhibit A**.

2. In her Complaint, Plaintiff alleges Gruma "violated the [Pennsylvania Minimum Wage Act] by failing to pay Plaintiff and other class members any wages (including overtime wages) for time associated with, among other things, the mandatory activities" referenced in the Complaint. *Id.* at ¶25.

3. In her Complaint, Plaintiff also alleges Gruma violated Pennsylvania common law by denying Plaintiff and other class members "wages for 'all hours worked' in violation of the PMWA's statutory mandate." *Id.* at ¶¶27-29.

4. Plaintiff brings her claims as putative class actions, seeking to represent a class of "individuals employed at the Mountain Top plant and paid an hourly wage during any time since April 23, 2022." *Id.* at ¶11.

5. Plaintiff could have originally filed this action against Gruma in this Court under

28 U.S.C. § 1332.

6. On May 19, 2026, Plaintiff served Gruma with the Complaint. *See* Return of Service, **Exhibit B**.

7. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because thirty (30) days have not elapsed since Plaintiff served the Complaint on Gruma. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining 30-day removal period begins to run on the date of service of complaint).

8. Since Plaintiff filed his Complaint, no proceedings have been held in the Court of Common Pleas of Luzerne County, Pennsylvania. In this case, to date, **Exhibits A** and **B** constitute all the process, pleadings, and orders Gruma has received. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

9. When a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C.§ 1441(a). Section 1441(a) of Title 28 of the United States Code provides, in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Plaintiff brings this action as a putative class action (see Complaint,

**Exhibit A** at ¶11), removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper under 28 U.S.C. §§ 1441(d), 1446, and 1453 because (i) the amount in controversy exceeds, in the aggregate, $5 million, excluding interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

10. Gruma denies Plaintiff's factual allegations, and denies Plaintiff, or the class she purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met. Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2).

<u>The Putative Class Has More Than 100 Members</u>

11. Plaintiff asserts claims on behalf of a putative class comprised of "all individuals employed at the Mountain Top plant and paid an hourly wage during any time since April 23, 2022." Complaint, **Exhibit A** at ¶11.

12. Based on Plaintiff's class definition, and a review of Gruma's business records, the putative class includes 896 hourly workers who are, or were, employed at the Mountain Top plant and paid an hourly wage during any time

since April 23, 2022." Declaration of Horatio Gaitan dated June 5, 2026 ("Gaitan Dec."), **Exhibit C** at ¶5. Consequently, the putative class member threshold under CAFA is met.

<u>The Jurisdictional Amount in Controversy Requirement Is Met</u>

13. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, excluding interest and costs." 28. U.S.C. § 1332(d)(2).

14. Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy exceeds $5,000,000, excluding interest and costs. 28 U.S.C. § 1332(d)(6).

15. Gruma's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This statement is consistent with the Third Circuit historically applying a "liberal" standard when determining, for

purposes of diversity jurisdiction, if the amount in controversy is satisfied. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003).

16. Gruma denies Plaintiff's factual allegations and denies she, or the class she seeks to represent, are entitled to any relief. At all relevant times, Gruma properly complied with Pennsylvania law. Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount exceeding $5,000,000 when aggregating putative class members' class claims as set forth in 28 U.S.C. § 1332(d)(6).

17. In her Complaint, Plaintiff alleges she was required to engage in various activities at the beginning of her workday including "'key in' at the plant entrance; walk inside the plant to an area where mandatory gear (such as hairnets, ear protection, and aprons) is stored and distributed; wait for, obtain, and don the mandatory gear; walk to hand-washing stations; wait at hand-washing stations; wash hands; walk from hand washing stations to timeclock; occasionally wait at timeclocks to clock in; and walk from timeclocks to assigned job stations." Complaint, **Exhibit A** at ¶9.

18. In her Complaint, Plaintiff states she "believes she and other class members stop getting paid before they reach the plant exit" and that "she and other class members generally receive no compensation for some or all of the following post-shift activities: walking to from [sic] assigned job stations to timeclocks;

occasionally waiting at timeclocks; walking from timeclocks to the plant exit, and doffing/disposing of mandatory gear (such as hairnets, ear protection, and aprons).” *Id.* at ¶10.

19. Among other things, Plaintiff, on behalf of herself, as well as the prospective class, seeks an award of unpaid wages, including overtime wages, prejudgment interest, litigation costs, expenses, and attorney’s fees. *Id.* at Prayer for Relief, **Exhibit A** at p. 7.

20. According to Plaintiff, the putative class period dates back over four years to April 23, 2022. *Id.* at ¶11.

21. Based on Plaintiff’s class definition, and a review of Gruma’s business records, the putative class includes 896 hourly workers who are, or were, employed at the Mountain Top plant and paid an hourly wage during any time since April 23, 2022.” Gaitan Dec., **Exhibit C** at ¶5.

22. Plaintiff does not allege the amount she made on an hourly basis as a Gruma employee. Complaint, **Exhibit A.** However, on average, each of the 896 putative class members who worked at the Mountain Top plant earned (1) a regular rate of pay of $23.97 per hour, and (2) an overtime rate of $35.95 per hour. Gaitan Dec., **Exhibit C** at ¶6.

23. In the aggregate, during the preceding four years, the 896 putative class members worked 480,461 shifts; of those 480,461 shifts, 83%, or more than

398,782 shifts did not include the payment of wages at an overtime rate, whereas 17%, or more than 81,678 of the shifts were paid at the overtime rate of 1.5 times the regular rate of pay. *Id.*, **Exhibit C** at ¶5.

24. For purposes of removal only, and based solely on the allegations in paragraphs 9 and 10 of the Complaint, a maximum of 20 minutes, or 33% of an hour, of alleged unpaid time each shift is used as an estimate.[1]

25. Accordingly, because the 896 putative class members who worked at the Mountain Top plant worked 398,782 shifts without overtime at an average regular rate of $23.97 per hour, 81,678 shifts with overtime paid at $35.95 per hour, and all supposedly worked (at minimum) .33 hours per shift of purportedly unpaid time, Plaintiff's claims for unpaid wages have placed at least $4,123,392.44 in controversy—*i.e.*, (398,782 shifts x .33 hours per shift x $23.97 per hour) + (81,678 shifts x .33 hours per overtime shift x $35.95 per hour) = $4,123,392.44 allegedly unpaid wages. *Id.*, **Exhibit C** at ¶5.

26. Additionally, Plaintiff seeks recovery of attorneys' fees. Applying a conservative fee request of 25% of the unpaid wages, Plaintiff's estimated claim for attorneys' fees is $1,030,848.11 (.25 x $4,123,392.44 = $1,030,848.11). *See*

---

[1] At all relevant times, Gruma properly complied with Pennsylvania law and properly paid its employees money for all time owed. Gruma specifically reserves the right to argue in this litigation that there was no unpaid time for each shift and that there was less than 20 minutes of allegedly unpaid time for each shift.

*Davis v. Target Corp.,* No. 23-89, 2026 LX 116680 (E.D. Pa. Mar. 18, 2026) (awarding class counsel fees in the amount of 29.79% of the global settlement fund); *Wood v. Saroj & Manju Invs. Phila. LLC*, No. 19-2820, 2020 WL 7711409, at *2 (E.D. Pa. Dec. 28, 2020) (awarding class counsel fees in the amount of 33% of the maximum settlement payment); *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 489 (E.D. Pa. 2018) (concluding class counsel entitled to approximately 35% of the total settlement); *Graudins v. Kop Kilt, LLC*, No. 14-2589, 2017 WL 736684, at *10 (E.D. Pa. Feb. 24, 2017) (approving attorneys' fees at 30% of the settlement amount); *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 764–69 (E.D. Pa. 2016) (approving plaintiffs' fees at 33%); *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases and concluding "in this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20–45%.") (citations omitted*); Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 719 (E.D. Pa. 2014) (awarding class counsel 25%).

27. Between the alleged unpaid wages, including purportedly unpaid overtime pay, as well as the attorneys' fees Plaintiff seeks, the amount in controversy is conservatively $5,154,240.55 ($4,123,392.44 + $1,030,848.11 = $5,154,240.55), which exceeds the $5,000,000 CAFA threshold by more than $154,240.

Diversity of Citizenship Exists

28. At a minimum, one member of the putative class is a citizen of a different state than Gruma, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA. 28 U.S.C. §1332(d).

29. For diversity purposes, a person is a "citizen" of the state in which she is domiciled when the Complaint is filed. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989); *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Plaintiff resides in, and is thus a citizen of, the Commonwealth of Pennsylvania. Complaint, **Exhibit A** at ¶3.

30. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2009).

31. Gruma is a citizen of Nevada and Texas because, at the time the Complaint was filed, Gruma was organized under the laws of the State of Nevada, with its headquarters and principal place of business in the State of Texas. Gaitan Dec., **Exhibit C** at ¶3.

32. Accordingly, the minimal diversity needed for CAFA removal is present.

## EVEN IF REMOVAL BASED ON CAFA JURISDICTION DID NOT EXIST, THIS COURT WOULD STILL HAVE JURISDICTION UNDER 28 U.S.C. §1332(a)

### This Court Has Original Jurisdiction

33. This Court has original jurisdiction under 28 U.S.C. §1332(a), which provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ." *Id.*; 28 U.S.C. §1441(a).

### There is Complete Diversity of Citizenship

34. As noted above, Plaintiff is a resident and citizen of Pennsylvania. Complaint, **Exhibit A** at ¶3.

35. Gruma is a citizen of Nevada and Texas. Gaitan Dec., **Exhibit C** at ¶3.

36. Accordingly, the parties are "citizens of different states" and complete diversity exists between Plaintiff and Defendant. *See* 28 U.S.C. §1332(c)(1).

### The Amount in Controversy Exceeds $75,000

37. The Complaint does not state the amount that Plaintiff is seeking with respect to any of the identified categories of damages, nor does it state that the amount in controversy is less than $75,000. *See* Complaint, **Exhibit A** ¶¶ 1-29.

38. The Civil Cover Sheet of the Complaint does, however, make clear that the minimum amount in controversy is more than $50,000. *Id.* at p. 9 (noting that the

case is outside of Luzerne County's arbitration limits). *See* Luzerne County R. Civ. P. 1301 (providing that all civil actions in which the amount in controversy is $50,000 or less shall first be submitted to compulsory arbitration).

39. To "determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

40. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

41. In calculating the amount in controversy, attorneys' fees are included if they are recoverable under the applicable statute. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

42. Based on the allegations in the Complaint and Plaintiff's rate of pay (approximately $20.94 per hour as of her last date of work), it is plausible Plaintiff's alleged damages for unpaid wages and prejudgment interest will exceed $7,000.

43. Further, based on the allegations in the Complaint and the results in similar PMWA cases filed by Plaintiff's counsel, Plaintiff's attorneys' fees and costs alone are likely to exceed $75,000, much less $68,000.

44. In a similar case filed by Plaintiff's counsel asserting overtime claims under the PMWA and Fair Labor Standards Act, the plaintiffs recovered $14,852 in unpaid wages and $76,067 in attorneys' fees and costs. Copies of the Parties' Stipulation regarding unpaid wages, Motion for Attorney's Fees and Costs, and Memorandum and Order are attached as **Exhibit D.**[2]

45. Notably, the award of $76,067 in attorney's fees and costs was calculated using Plaintiff's counsel's March 2009 rates, which for Peter Winebrake was $350/hour. *Id.* at ECF No. 56, p. 11. As of March 2026, Mr. Winebrake's rate had increased to $850/hour and the lowest rate for any attorney in his firm was $525/hour. See **Exhibit E**, p. 7-8.

46. Applying a blended rate of $687.50/hour, Plaintiff's counsel would need to spend only 99 hours on Plaintiff's case to incur more than $68,000 in fees (or 110 hours to incur more than $75,000 in fees).

47. Should the case proceed to trial, Plaintiff's counsel will most certainly be required to spend more than 110 hours on Plaintiff's individual claims.

48. Thus, while Defendant denies any liability for unpaid wages, prejudgment interest, or attorneys' fees and costs, the foregoing reasonably establishes that the amount in controversy as to Plaintiff's individual claims exceeds $75,000.

---

[2] Plaintiff's counsel's actual attorneys' fees and costs of $107,274 were reduced to $76,067 for various reasons as outlined in the Court's Memorandum.

49. Accordingly, in addition to having jurisdiction under CAFA, this Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

50. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Middle District of Pennsylvania is the federal judicial district where the Court of Common Pleas of Luzerne County, Pennsylvania is located, and where Plaintiff originally filed this action. Additionally, Plaintiff alleges her claims arose in Mountain Top, Pennsylvania, which is also located within the United States District Court for the Middle District of Pennsylvania. *See generally,* **Exhibit A**, Complaint.

51. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Court of Common Pleas of Luzerne County, Pennsylvania, where the suit has been pending.

**CONCLUSION**

52. This Court has jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. §§ 1332(a) and 1332(d), and this action is properly removable to federal court under 28 U.S.C. §§ 1441, 1446, and 1453.

53. If this Court questions the propriety of this Notice of Removal, Gruma asks this Court to issue an Order to Show Cause so Gruma may have an opportunity

to more fully brief the basis for this removal.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a), and in conformity with the requirements set forth in 28 U.S.C. § 1446, Gruma removes this action to the United States District Court for the Middle District of Pennsylvania, and respectfully asks the Court of Common Pleas of Luzerne County, Pennsylvania to proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

/s/ Lee E. Tankle

Jacqueline R. Barrett, Esq. (PA ID #92433)
(*pro hac vice* to be filed)
Lee E. Tankle, Esq. (PA ID #315783)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 995-2831
jacqueline.barrett@ogletree.com
lee.tankle@ogletree.com

Patrick F. Hulla, Esq.
(*pro hac vice* to be filed)
700 W. 47th Street, Suite 500
Kansas City, MO 64112
Telephone: (816) 410-2226
patrick.hulla@ogletree.com

*Attorneys for Gruma Corporation*

Dated: June 8, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a true and correct copy of the foregoing Notice of Removal was electronically filed with the Clerk of Court via the Court's ECF filing system and served via e-mail on Plaintiff's attorneys at the following addresses:

Peter Winebrake
Mark Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*/s/ Lee E. Tankle*
*Attorney for Defendant*

Dated: June 8, 2026